UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHERIE WHITE,

        Plaintiffs,

   v.

DIVINE INVESTMENTS, INC.;
WALTER B. RICHEY; CAROLYN
D. RICHEY;

        Defendants.

NO. CIV. S-04-0206 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Walter and Carolyn Richey's ("defendants") motion for attorney's fees.[1] In its order of October 7, 2005, the court granted defendants' motion for summary judgment and denied plaintiff's cross-motion, finding that "plaintiff lack[ed] standing to challenge a majority of the alleged [architectural] barriers [at defendants' facility], and with respect to the barriers properly raised by plaintiff, defendants have shown that the so-called 'barriers' do

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

not constitute substantive violations of the [Americans with Disabilities Act ("ADA")] and/or have been remedied [by defendants]." (Mem. & Order, filed Oct. 7, 2005, at 2:10-14.)

As the prevailing party on the motion, defendants now move for an award of attorney's fees and litigation costs.[2] 42 U.S.C. § 12205. For the reasons set forth below, defendants' motion is DENIED. The court cannot find based on the facts of this case that plaintiff's action was "frivolous, unreasonable, or without foundation." Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997).

**BACKGROUND**

The parties' cross-motions for summary judgment presented one disputed issue: whether defendants' gas station and convenience store, the River Mart, had "architectural barriers" with the meaning of the ADA. 42 U.S.C. § 12101 *et seq.* As to all other issues under the ADA, the parties agreed plaintiff could sustain her burden of proof.[3] Id. at § 12182(a), (b)(2)(A)(iv).

Regarding barriers, plaintiff alleged 42 architectural barriers in her first amended complaint. (FAC, filed April 12, 2005, Ex. A.) Said complaint was filed in response to the court's directive to plaintiff's counsel in an unrelated case,

---

[2] Defendants seek an award of $61,662.50 in fees and $12,870.83 in costs.

[3] To succeed on a claim of discrimination due to an architectural barrier, a plaintiff must prove that: (1) she is disabled; (2) the subject facility is a place of "public accommodation;" (3) the existing facility contains an architectural barrier prohibited by the ADA; and (4) removal of the barrier is readily achievable. Parr v. L & L Drive-Inn Rest., 96 F. Supp. 1065, 1085 (D. Haw. 2000).

Pickern v. Pier 1 Imports, et al., Civ. 03-121 FCD/JFM, ordering counsel to amend all of his existing complaints in this district because they contained generic, hypothetical allegations which did not tie the relevant plaintiff's disability to the alleged barriers present at a subject facility.  (Pickern Mem. & Order, filed Sept. 30, 2004, at 18:25-19:6.)  In responding to defendants' motion to dismiss the instant action under Federal Rule of Civil Procedure 12(h), filed February 10, 2005, plaintiff's counsel sought relief to file the amended complaint ordered in Pickern; counsel inadvertently had not done so previously.  The court granted plaintiff's request.  (Mem. & Order, filed April 8, 2005, at 4:4-15.)

In the Rule 12(h) motion,[4] defendants moved to dismiss the action arguing that they had brought the premises into compliance with the ADA, thereby depriving the court of further jurisdiction over the case because plaintiff was not entitled to any injunctive relief.  In support, defendants offered the expert opinion of Kim R. Blackseth who opined: "the defects identified in the plaintiff's [original] complaint are no longer present, and the premises are in compliance with the applicable portions of [the] ADA and the applicable portions of the California Building Codes ["CBC"]."  (Id. at 2:16-20.)  In response, plaintiff filed the declaration of Joe Card, plaintiff's ADA expert, who opined, to the contrary, that his inspection of the premises revealed numerous violations of the ADA and the CBC.  As

---

[4] Rule 12(h) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

3

1 a result of this dispute between the parties' experts, the court
2 held that it "cannot find, as requested by defendants, that there
3 is no 'live controversy' [for purposes of Rule 12(h)] over
4 whether the subject premises is in compliance with the ADA.  As
5 evidenced by the conflicting declarations submitted on this
6 motion, the compliance issue is heavily contested."  Id. at 3:19-
7 4:1.

8    Thereafter, the parties filed the cross-motions for summary
9 judgment.  Defendants moved for summary judgment, arguing that of
10 the 42 alleged barriers identified in Exhibit A to the first
11 amended complaint, only eight such barriers were at issue on the
12 motion as they were the only barriers identified by plaintiff's
13 expert (Card) as remaining in violation of the ADA.  Plaintiff
14 counter-moved, arguing that the motion was not limited to only
15 those barriers identified in Exhibit A and discussed by Card on
16 the motion, but rather the relevant barriers were those
17 identified in Card's expert report and declaration prepared
18 subsequent to the filing of the amended complaint.

19    Ultimately, the court agreed with defendants, finding that
20 plaintiff had standing to sue:

> only for those barriers identified in Exhibit A to the
> first amended complaint because it is only those
> barriers which she actually encountered and/or had
> reason to know of at the time of the filing of the
> complaint.  The alleged barriers later discovered by
> her expert were not known by her at the time of the
> filing of the complaint, nor are they sufficiently
> similar or related to barriers identified in Exhibit A,
> and therefore she lacks standing to sue for them.

26 (Mem. & Order, filed Oct. 7, 2005, at 8:6-14.)  As such, the
27 court addressed on the motion only those barriers raised by the
28 parties which were identified by plaintiff in Exhibit A to the

4

1 first amended complaint.  In that regard, eight such barriers
2 were considered.  (Id. at 9:1-9.)

### STANDARD

4 While attorney's fees generally are not recoverable, such fees may be awarded if authorized by enforceable contract or by applicable statute.  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975).  The ADA provides that "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs."  42 U.S.C. § 12205.

11 In the context of the ADA and other civil rights statutes, strong policy considerations support awarding attorney's fees to prevailing plaintiffs.  Plaintiffs play an integral role in enforcement of the statute through private litigation, and the award of attorneys fees provides an incentive to file such suits.  See Christianburg Garment Co. V. Equal Employment Opportunity Commission, 434 U.S. 412, 418 (1978).

18 However, the "policy considerations which support the award of attorneys fees to a prevailing plaintiff are not present in the case of a prevailing defendant."  Id. at 418-19.  To the contrary, awards to prevailing defendants could have a chilling effect on the filing of ADA lawsuits by plaintiffs.  For this reason, fees are not awarded as a matter of course to prevailing defendants, and should only be awarded under exceptional circumstances, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  Summers, 127 F.3d at 1154 (adopting Christianburg standard for Title I ADA cases).  An action is frivolous if it lacks an arguable basis in

1  law or in fact, though it need not be brought in bad faith.
2  Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035, 1037 (E.D.
3  Cal. 2004)(*citing* Schutts v. Bently Nevada Corp., 966 F. Supp.
4  1549, 1557 (D. Nev. 1997)).  Even where a plaintiff is unaware at
5  the commencement of the suit that the claim is frivolous, he may
6  be liable for attorney's fees if he continues to litigate after
7  it becomes clear that the action lacks factual substance.  Id.[5]

**ANALYSIS**

Defendants argue for an award of fees and costs under the ADA on two primary grounds: (1) *the majority* of plaintiff's claims raised in Exhibit A to the first amended complaint were "frivolous;" and (2) plaintiff maintained this action "unreasonably" on the basis of alleged barriers which she had no standing to raise.

**1.   "Exhibit A" Barriers**

As to the first issue, defendants concede that 7 of the 42 barriers identified in Exhibit A violated the ADA and needed to be remediated; defendants voluntarily did so with the advice of

---

[5] Defendants alternatively seek an award of fees and costs against plaintiff's counsel pursuant to 28 U.S.C. § 1927 which provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  To make an award under Section 1927, the court must find that the attorney acted in bad faith.  West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990). Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.  Id.  As set forth below, because the court does not award fees and costs under the ADA, which contains a lower standard than Section 1927, it likewise does not award fees and costs under this statute which requires in addition to a finding of "frivolousness," a finding that the action was maintained in bad faith.

6

their expert, Kim Blackseth.[6]  This remediation formed the basis of defendants' Rule 12(h) motion, wherein they argued that their facility was ADA-compliant, and as such, the court should dismiss the action.  Significant to this motion, defendants acknowledged in that matter, that *at least in some respects*, their facility had violated the ADA.  Defendants now argue because the violations were small in number, representing only approximately one-sixth of the total barriers alleged by plaintiff, they should be entitled to an award of fees and costs because the *majority* of the alleged barriers in Exhibit A "had no factual basis under the ADA."[7]

    The court disagrees.  First, an award of fees and costs is not merited here where defendants concede their facility was not, in *significant respects*, ADA-compliant (see footnote 6 above) at the time this action was filed; the facility had "architectural barriers" within the meaning of the ADA, including inaccessible

---

[6] These barriers included (as listed in Exhibit A): (1) Item 7 – "Accessible parking space not located the shortest accessible route of travel to the entrance;" (2) Item 8 – "Incorrect parking space/access aisle dimensions;" (3) Item 10 – "No accessible route of travel from parking [lot to the store];" (4) Item 13 – "Public telephone not accessible height;" (5) Item 18 – "Check out counter does not have a section 28 to 34 inches high and 36 inches wide and 24 inches deep maximum to accommodate a wheelchair occupant;" (6) Item 19 – "Self serve/condiment counter out of required reach range limits;" and (7) Item 20 – "Not a 30X48 inch clear floor space in front of the check stand."

[7] Without making the calculation for the court, defendants alternatively ask the court to grant them a *proportionate* award based on the fees and costs incurred in defending the 35 barriers alleged in Exhibit A which defendants did not voluntarily remediate and contend are frivolous claims.  While this court previously held in Peters that such a proportionate award is permitted under Ninth Circuit authority, it is not warranted under the facts of this case for the reasons set forth below.

7

access routes, parking spaces, public telephones, and store counters. This fact distinguishes this case from the court's decision in Peters v. Winco Foods, Inc., 320 F. Supp. 2d 1035 (E.D. Cal. 2004),[8] heavily relied upon by defendants. In Peters, the court awarded fees and costs to the prevailing defendant on summary judgment, finding that the plaintiff's[9] action stated "only one legally and factually tenable claim regarding the height of *a* produce scale." Id. at 1040 (emphasis added). In so ruling, however, the court recognized that:

> such awards of fees will rarely be appropriate where the plaintiff has asserted significant meritorious claims.

Id. In Peters, the court found an award of fees justified because the "action viewed as a whole lack[ed] merit despite the presence of one . . . legally tenable clai[m]." Id. Here, plaintiff asserted significant meritorious claims relating to a number of serious ADA requirements (including accessible routes of travel and counter space), and thus this case does not fall within the "exceptional circumstances" meriting an award of fees to a prevailing ADA-defendant.

Second, the court cannot find that the remaining alleged barriers in Exhibit A were "factually unsupported." Unlike in Peters, plaintiff only sought relief through the first amended complaint for those barriers related to her disability which she

---

[8] In an unpublished opinion, the Ninth Circuit affirmed this decision. Peters v. Winco Foods, Inc., 2005 WL 2673539 (9th Cir. Oct. 20, 2005).

[9] Plaintiff Peters was also represented by the Law Offices of Lynn Hubbard, plaintiff's counsel in this case.

8

encountered at the facility.[10] (FAC, ¶s 10, 12.) To the extent defendants ultimately succeeded in proving that certain barriers alleged by plaintiff did not constitute substantive violations of the ADA, that success does not entitle them to an award of fees. Defeating a claim on summary judgment, by itself, does not entitle an ADA-defendant to an award of fees. Peters, 320 F. Supp. 2d at 1038. Defendants have not shown herein that plaintiff lacked factual support for the claimed barriers. Indeed, plaintiff even acknowledged in her first amended complaint that to the extent she described in Exhibit A barriers "unrelated to her disability," she described them "as a courtesy to the defendants, so the defendants can avoid inadvertent acts of discrimination against the disabled. Nothing within the complaint, however, should be construed as an allegation that [plaintiff] is seeking to remove barriers unrelated to [her] disability." (FAC, ¶ 12.)

Finally, defendants argue they are entitled to fees because plaintiff continued to maintain this action despite the findings of defendants' expert presented on the Rule 12(h) motion. Defendants are incorrect. Their expert's findings were strongly disputed by plaintiff's expert, and the court accordingly denied defendants' motion. Therefore, plaintiff's opposition to the Rule 12(h) motion and maintenance of this action thereafter

---

[10] Defendants also argue for fees on the basis of plaintiff's "form" complaint filed in this case; the court considered that issue in Pickern and will not do so again here, particularly because plaintiff complied, albeit belatedly, with the court's order to amend all form-ADA pleadings in this district. As such, the original complaint in this action is not considered in ruling on defendants' motion for fees.

9

cannot serve as a basis for an award of fees to defendants. Plaintiff proffered admissible evidence in rebuttal to defendants' showing on the motion; what remained were legal issues for the court to resolve on summary judgment. (Mem. & Order, filed April 8, 2005, at 4 n. 6.)

**2.  "Barriers" Identified by Plaintiff's Expert**

As to defendants' second basis for an award of fees, defendants argue that plaintiff pursued "frivolous" barriers on the cross-motions for summary judgment in that she had no standing to raise barriers not described in her complaint and identified for the first time by her expert in his report and declaration. Applying Judge Levi's recent decision in <u>Martinez v. Longs Drug Stores</u>, 2005 WL 2072013 (E.D. Cal., August 25, 2005), the court found in favor of defendants, concluding that plaintiff lacked standing to raise any barriers not identified in Exhibit A to the first amended complaint. (Mem. & Order, filed October 7, 2005.) However, that conclusion does not dictate a finding that plaintiff's claims as to other barriers identified by her expert were "frivolous." Rather, to the contrary, plaintiff pressed a standing argument which under existing Ninth Circuit law was reasonable. While the court did not accept plaintiff's argument, her contentions were well-grounded in existing law. (<u>Id.</u> at 6-8.) Namely, plaintiff argued that the Ninth Circuit in <u>Pickern v. Holiday Quality Foods, Inc.</u>, 293 F.3d 1133, 1138 (9th Cir. 2002) adopted the Eighth Circuit's decision in <u>Steger v. Franco</u>, 228 F.3d 889, 893-94 (8th Cir. 2000), permitting an ADA-plaintiff to seek relief for barriers he or she did not actually encounter or know of at the time the complaint

10

was filed. (Id. at 6-7 n. 7.)  Considering this same argument in Martinez, Judge Levi found that while the plaintiff, who also sought to recover for barriers later-identified by his expert, may have prevailed under Steger, Steger was not the law of this circuit.  The Ninth Circuit did not adopt Steger in Pickern. Reviewing the issue anew, Judge Levi rejected Steger as "fundamentally incompatible with . . . constitutional standing principles."  2005 WL 2072013, *4.  Although not bound by the Martinez decision, this court found Judge Levi's "analysis and holding persuasive" and therefore applied Martinez to this case. (Mem. & Order, filed Oct. 7, 2005 at 7:19-20.)  Thus, while plaintiff did not ultimately prevail in asserting standing to raise those barriers identified for the first time by her expert, her argument was reasonable and supported by case law.  See also Parr v. L&L Drive Inn Restaurant, 96 F. Supp. 2d 1065 (D. Haw. 2000); Independent Living Resources v. Oregon Arena Corp., 982 F. Supp. 698 (D. Or. 1997).  As such, the court cannot find her claims as to these other barriers "frivolous."

**CONCLUSION**

For the foregoing reasons, defendants' motion for attorney's fees and costs is DENIED.  Defendants have not demonstrated that plaintiff's action was "frivolous, unreasonable, or without foundation," thereby entitling them to such an award.  Indeed, by this action, plaintiff pressed claims against defendants which resulted in defendants' voluntary remediation of various aspects of its facility which were in violation of the ADA, and to the extent plaintiff maintained claims against defendants which ultimately the court denied on standing grounds, said claims were

supported by a reasonable interpretation of existing law.

DATED: January 3, 2006

>                           /s/ Frank C. Damrell Jr.
>                           FRANK C. DAMRELL, Jr.
>                           UNITED STATES DISTRICT JUDGE