UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHERIE WHITE,

        Plaintiff,

   v.

DIVINE INVESTMENTS, INC.;
WALTER B. RICHEY; CAROLYN
D. RICHEY;

        Defendants.

NO. CIV. S-04-0206 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Sherie White's ("plaintiff") motion to join parties necessary for just adjudication, pursuant to Federal Rule[1] of Civil Procedure 19.[2] In this action, plaintiff, who is disabled, alleges that a gas station and convenience store, the River Mart, formerly owned by defendants Walter and Carolyn Richey ("defendants" or the

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

"Richeys"),³ has certain "architectural barriers" in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").⁴  On February 1, 2008, the Richeys sold the River Mart to Kulwinder Kaur ("Kaur") and Parmjit Singh ("Singh"); plaintiff now moves to join Kaur and Singh as defendants in order to effectuate any injunctive relief granted with respect to the property, pursuant to the ADA.

Defendants oppose the motion, arguing (1) that the court should dismiss the action as plaintiff no longer has a viable ADA claim for injunctive relief since the Richeys do not own the property, and the court should decline supplemental jurisdiction over the remaining state law claims; and (2) should the court retain jurisdiction, Kaur and Singh are not necessary parties, nor should the court grant permissive joinder.

For the reasons set forth below, the court finds no grounds to dismiss the case, and joinder of Kaur and Singh is mandated by Rule 19.

On October 7, 2005, the court granted defendants' motion for summary judgment finding that: "plaintiff lack[ed] standing to challenge a majority of the alleged [architectural] barriers, and

---

    ³   Defendant Divine Investments, Inc. was dismissed per the parties' stipulation of March 24, 2004.

    ⁴   The ADA was enacted by Congress in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).  Title III of the ADA prohibits discrimination by private entities against persons with disabilities in places of public accommodation.  42 U.S.C. § 12182(a).  Discrimination includes "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv); <u>Pickern v. Holiday Quality Foods Inc.</u>, 293 F.3d 1133, 1135 (9th Cir. 2002).

2

1 with respect to the barriers properly raised by plaintiff,
2 defendants [showed] that the so-called 'barriers' [did] not
3 constitute substantive violations of the ADA and/or [had] been
4 remedied." (Mem. & Order, filed Oct. 7, 2005, at 2:10-14.)
5 Plaintiff appealed. On June 5, 2008, the Ninth Circuit affirmed
6 in part and reversed in part this court's decision and remanded
7 the case for further proceedings. The Ninth Circuit affirmed the
8 court's grant of summary judgment as to all barriers except the
9 width of one of the store aisles depicted in plaintiff's expert's
10 report. The Ninth Circuit also held that plaintiff had standing
11 to raise alleged architectural barriers which she neither
12 encountered nor was aware of during her visit to the River Mart,
13 but became aware of after the filing of her complaint as a result
14 of her expert's audit of the store for ADA compliance. (Docket
15 #76.)

16   Following the remand, this court entered an amended pretrial
17 scheduling order on August 5, 2008, reopening discovery to
18 February 8, 2009, and setting a new dispositive motion deadline
19 of July 10, 2009, and a trial date of December 1, 2009.

20   Preliminarily, the court considers defendants' argument that
21 this case should be dismissed as a result of the Richeys' sale of
22 the property to Kaur and Singh. Defendants argue that since
23 plaintiff concedes that she may no longer seek injunctive relief
24 under the ADA against defendants because they do not own the
25 property, her ADA claim is now moot and only plaintiff's state

law claims are viable.[5]  As to those claims, defendants urge the court to decline supplemental jurisdiction and dismiss the case.[6]

As described more fully below, plaintiff's ADA claim has not become moot as a result of the Richeys' sale of the property. Rather, plaintiff maintains the alleged barriers at the property remain, and the new owners are necessary parties to this action in order to effectuate the relief plaintiff seeks; namely, to correct the architectural barriers.  The Richeys no longer control the property so joinder of the new owners is required. Thus, defendants' argument for dismissal is unavailing. Plaintiff's ADA claim is not moot, and thus, there remains a federal question in this action.

Moreover, even if the ADA claim was moot, the balance of factors under 28 U.S.C. § 1367 weigh in favor of the retention of jurisdiction in this case.  <u>Gini v. Las Vegas Metropolitan Police Dept.</u>, 40 F.3d 1041, 1046 (9th Cir. 1994).  The Ninth Circuit has

---

[5]  Plaintiff alleges the following state law claims: (1) violation of California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*; (2) violation of California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; (3) violation of California Health and Safety Code § 19955(a).  While under the ADA plaintiff may only seek injunctive relief, under California's Disabled Persons Act and Unruh Civil Rights Act, plaintiff can recover monetary damages.

[6]  Supplemental jurisdiction in the federal courts is governed by 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy under Article III of the United States Constitution."  Claims are part of the same case or controversy for purposes of § 1367 if there is enough of a "'common nucleus of operative facts' . . . such that a plaintiff 'would ordinarily be expected to try them all in a single judicial proceeding.'"  <u>Picard v. Bay Area Regional Transit Dist.</u>, 823 F.Supp. 1519, 1526 (N.D. Cal. 1993) quoting <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725 (1966).

1  repeatedly recognized that where substantial judicial resources
2  have been committed to a case, judicial economy and efficiency
3  are best served by the court's retention of jurisdiction.  See
4  e.g. Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991).
5  This case was filed in 2004; there were numerous motions decided
6  by this court, including cross-motions for summary judgment; the
7  matter was appealed and has now been remanded for further
8  proceedings.  Under these circumstances, judicial economy would
9  not be served by requiring plaintiff to bring suit in state
10 court.
11      As to the joinder of Kaur and Singh, plaintiff is required
12 under Rule 19(a) to join as parties to the action all persons
13 whose interests are so directly involved that their presence is
14 needed for just adjudication, if their joinder is feasible.  Fed.
15 R. Civ. P. 19(a).  The primary purpose of Rule 19(a) is to assure
16 that any judgment rendered will provide complete relief to the
17 existing parties and prevent repeated lawsuits on the same
18 subject matter.  United States v. Bowen, 172 F.3d 682, 688 (9th
19 Cir. 1999).  Thus, the Ninth Circuit has held that a plaintiff
20 must join any person whose interests are such that in his or her
21 absence: (1) complete relief cannot be accorded among those
22 already parties; or (2) any judgment rendered may as a practical
23 matter, impair or impede the absent person's ability to protect
24 that interest or leave any of the existing parties subject to a
25 substantial risk of incurring double, multiple or otherwise
26 inconsistent obligations.  Id.  These two grounds are analyzed
27 separately, *i.e.*, if either applies, the nonparty is deemed
28 necessary.  Yellowstone County v. Pease, 96 F.3d 1169, 1172 (9th

Cir. 1996).

Here, joinder is clearly required under the first ground. By this action, plaintiff seeks, in part, injunctive relief to correct and/or remove all barriers to full and equal access at the River Mart. Such injunctive relief may require construction work at the River Mart to remove and/or correct barriers to access determined to exist by the court. The Richeys no longer own the property, and therefore, should this court order injunctive relief, the Richeys will be powerless to effectuate that relief. The only parties that could effectuate the relief are the current owners, Kaur and Singh. See National Wildlife Federation v. Espy, 45 F.3d 1337, 1344-45 (9th Cir. 1995) (finding where environmental groups sued government officials for transferring publicly-held land to private parties without creating easements to protect wetlands as required by law, that private landowners were indispensable parties because the plaintiffs could not obtain complete relief unless the private landowners were prevented from harming the wetlands). As plaintiff will be unable to obtain complete relief unless Kaur and Singh are joined as defendants, their joinder, if feasible, is mandated by Rule 19.

Plaintiff's counsel attests that Kaur and Singh's joinder is eminently feasible, as he anticipates they can be easily served a summons via normal process serving.

Therefore, the requirements for joinder under Rule 19 are met in this case.[7]  Plaintiff's motion is GRANTED.  Plaintiff shall have 30 days from the date of this order to serve Kaur and Singh.

DATED: September 22, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[7] It is therefore unnecessary to consider defendants' arguments regarding permissive joinder under Rule 20.